UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LOUS DICKERSON,

    Plaintiff,

v.                                            Hon. Sally J. Berens

COMMISSIONER OF                      Case No. 1:22-cv-830
SOCIAL SECURITY,

    Defendant.
_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence and in accordance with the law it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

### Standard of Review

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal

standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**Procedural Posture**

Plaintiff filed an application for DIB on November 19, 2018, alleging that he became disabled as of October 20, 2016, due to osteoarthritis in his left shoulder, both hands and knees, and his right hip; impingement, osteopenia, and degenerative change in his left shoulder; high cholesterol and treatment; and reduced mental focus due to pain and discomfort. (PageID.109, 206–07.) Plaintiff was age 58 at the time of his alleged onset date and age 60 at the time he filed his application. (PageID.108.) He had completed high school and had past work as a security

guard, a meter installer, and a driver. (PageID.270.) Plaintiff's application was denied initially and on reconsideration, and he requested a hearing before an Administrative Law Judge (ALJ).

ALJ David Read conducted a hearing by telephone on May 14, 2021, and received testimony from Plaintiff and Judith Findora, an impartial vocational expert (VE). (PageID.79–106.) On May 26, 2021, the ALJ issued a written decision finding that Plaintiff was not disabled from his alleged onset date through his date last insured. (PageID.67–74.) The Appeals Council denied Plaintiff's request for review on July 8, 2022 (PageID.53–55), making ALJ Read's May 26, 2021 decision the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007).

Plaintiff initiated this action for judicial review on September 7, 2022.

## Analysis of the ALJ's Opinion

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his RFC is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

After finding that Plaintiff met the insured status requirements of the Act through December 31, 2020, and had not engaged in substantial gainful activity since his alleged onset date of October 20, 2019, the ALJ found that Plaintiff suffered from severe impairments of left shoulder degenerative joint disease and partial tear and mild osteoarthritis in his bilateral knees (PageID.70.) The ALJ further determined that Plaintiff's obesity and hyperlipidemia were non-severe impairments and that his hip pain and hand stiffness did not qualify as medically-determinable impairments because Plaintiff failed to present objective medical findings or laboratory tests supporting that they met the definition of a medically-determinable impairment. (*Id.*)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the

4

Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ then determined that Plaintiff retained the capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following exertional limitations:

> [T]he claimant can lift 20 pounds occasionally and ten pounds frequently; carry 20 pounds occasionally and ten pounds frequently; sit for six hours, stand for six hours, walk for six hours, and push and pull as much as he can lift and carry. He can occasionally reach overhead to the left with his non-dominant arm. He can climb ramps and stairs occasionally; climb ladders, ropes, or scaffolds occasionally; kneel occasionally; crouch occasionally; and crawl occasionally.

(PageID.70–71.)

At step four, the ALJ determined that Plaintiff could perform his past relevant work as a security guard, DOT Code 372.667-034, both as actually and generally performed. (PageID.74.) Therefore, the ALJ concluded that Plaintiff was not disabled from his alleged onset date through his date last insured.

## Discussion

Plaintiff raises two errors on appeal: (1) the ALJ erred in his RFC finding because he failed to include functional limitations for Plaintiff's severe hip impairment; and (2) the ALJ committed reversable error by not properly evaluating the report of independent medical examiner Fredrick D. Levin, D.O. (ECF No. 17 at PageID.436.)

**I.      Residual Functional Capacity**

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). "An RFC is an 'administrative finding,' and the final

5

responsibility for determining an individual's RFC is reserved to the Commissioner." *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442 (6th Cir. 2017). In determining a claimant's RFC, the ALJ considers medical source statements and all other evidence of record. 20 C.F.R. § 404.1545(a)(3). While the ALJ makes the RFC determination, that determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012). The claimant has the burden of proving his impairments. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (noting that the burden of proof lies with the claimant at steps one through four of the sequential evaluation process and that "it is not unfair to require a claimant to prove the extent of his impairments") (citing *Bowen*, 482 U.S. at 146 n. 5).

In rendering his RFC finding, the ALJ placed substantial—although not complete—reliance on the opinion of State Agency reviewer Saadat Abbasi, M.D., who opined that Plaintiff retained the RFC to return to his past relevant work as a security guard as generally performed in the national economy. (PageID.73, 117–19.) Although the ALJ found Dr. Abbasi's opinion persuasive, the ALJ declined to adopt his limitations on occasionally balancing and stooping and never climbing ladders, ropes, and scaffolds because they were not supported by the medical evidence of record. (PageID.73, 116.)

Plaintiff contends that the ALJ erred in determining his RFC because the ALJ failed to include limitations for Plaintiff's severe hip impairment. As support, Plaintiff cites consultative examiner Tama Abel, M.D.'s July 20, 2019 findings that Plaintiff's right hip range of motion was limited in forward flexion and external rotation, and he was likely experiencing degenerative joint disease in a variety of joints. (ECF No. 17 at PageID.437 (citing PageID.394).) As already noted, the ALJ found Plaintiff's hip pain a non-medically-determinable impairment because Plaintiff presented no objective medical findings or laboratory tests to support that his hip pain

6

was a medically determinable impairment. (PageID.70.) But even if the ALJ had found that Plaintiff's hip pain was a non-severe impairment or even a severe impairment, the ALJ fully considered Dr. Abel's findings in formulating Plaintiff's RFC, including that Plaintiff demonstrated no difficulty getting on and off the examination table, no difficulty heel and toe walking, no difficulty squatting and arising, no difficulty performing the tandem walk, and only mild difficulty balancing on one foot. (PageID.72 (citing PageID.392).) Moreover, Fredric D. Levin, D.O., Plaintiff's independent medical examiner, reported that during his September 30, 2020 examination of Plaintiff, Plaintiff walked without any noticeable limp and without an assistive device and exhibited "full and painless range of motion of his hips." (PageID.401–02.) In summarizing the medical evidence, the ALJ observed that there were no significant medical records around the time of Plaintiff's alleged onset date and that the first such record—regarding Plaintiff's left shoulder impairment—was not generated until more than two years later in November 2018. (PageID.72 (citing PageID.323).) The ALJ further noted that the record contained "very little medical evidence since 2019," except for an "unremarkable visit in February 2020" having nothing to do with Plaintiff's hip pain and a disability evaluation by Dr. Levin in September 2020. (*Id.* (citing PageID.406.)

It is well established that a claimant has "the burden of proving h[is] lack of residual functional capacity." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). As noted in *Zimmerman v. Commissioner of Social Security*, No. 1:18-cv-793, 2019 WL 2435762 (W.D. Mich. June 11, 2019), this burden "is much higher than identifying pieces of evidence on which the ALJ could have made a factual finding in his favor." *Id.* at *3. Instead, "[t]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the

conclusion reached by the ALJ." *Id.* (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003)). Plaintiff has not met this burden because the ALJ's decision is supported by substantial evidence. Plaintiff's reliance on a single piece of evidence that could have produced a different result is insufficient. Plaintiff's argument is tantamount to a request that the Court reweigh the evidence, which it is not permitted to do. Therefore, this argument lacks merit.

**II.     Dr. Levin's Opinion**

The ALJ evaluated the medical opinions pursuant to 20 C.F.R. §§ 404.1520c. Under that regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5). The ALJ must explain his or her consideration of the supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. 20 C.F.R. §§ 404.l520c(b)(2) and (3), 416.920c(b)(2) and (3).

Citing the ALJ's thorough discussion of Dr. Levin's report and RFC—and the ALJ's dismissal of it as unpersuasive because it was inconsistent with the medical evidence of record indicating that Plaintiff could perform his past relevant work as a security guard—Plaintiff suggests that the ALJ rejected the opinion solely because Plaintiff had retained Dr. Levin to perform the consultative examination. Plaintiff further asserts that, while Dr. Levin was not a treating physician, the ALJ was still required to evaluate it in accordance with 20 C.F.R. §

8

404.1527. Plaintiff further contends that the ALJ erred in adopting Dr. Abbasi's opinion over Dr. Levin's opinion because Dr. Levin is an orthopedic specialist, whereas Dr. Abbasi is an internist who never reviewed Dr. Levin's report and RFC. (ECF No. 17 at PageID.437–38.)

Plaintiff's reliance on 20 C.F.R. § 404.1527 and the ALJ's failure to consider Dr. Levin's specialization is misplaced, as the ALJ was required to evaluate the opinion evidence in accordance with 20 C.F.R. § 404.1520c, not 20 C.F.R. § 404.1527. Under 20 C.F.R. § 404.1520c(b)(2), the ALJ was not required to articulate his consideration of the specialization factor. Otherwise, Plaintiff fails to explain how the ALJ erred in applying 20 C.F.R. § 404.1520c.[2] Therefore, this claim of error is denied. *See Soupal v. Comm'r of Soc. Sec.*, No. 1:20-cv-863, 2022 WL 765490, at *6–7 (W.D. Mich. Mar. 14, 2022) (denying the plaintiff's claim that the ALJ failed to properly consider the opinions of the plaintiff's treating neuropsychologist because "plaintiff does not explain how the ALJ failed to properly evaluate those opinions pursuant to 20 C.F.R. § 404.1520c").

## Conclusion

For the reasons stated above, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

An order consistent with this opinion will enter.

Dated: June 7, 2023                             /s/ Sally J. Berens
                                                SALLY J. BERENS
                                                U.S. Magistrate Judge

---

[2] In his reply, Plaintiff mentions a recent Eleventh Circuit decision in *Shelly C. v. Commissioner of Social Security* (Case No. 21-2042). (ECF No. 23 at PageID.472.) In fact, the decision is from the Fourth Circuit, *Shelly C. v. Comm'r of Soc. Sec.*, 61 F.4th 341 (4th Cir. 2023), and is inapposite to this case because it involved the application of the treating physician rule, which Plaintiff acknowledges has no application here.